IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WAYNE GROSS,
No. 22440-044

    Petitioner,

vs.                                               Case No. 14-cv-01357-DRH

J.S. WALTON,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Wayne Gross is currently incarcerated in the satellite camp at the United States Penitentiary in Marion, Illinois. Proceeding *pro se*, Gross has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the enhancement of his sentence and imposition of a 15-year minimum sentence pursuant to 18 U.S.C. § 924(e) for being an armed career criminal. *See United States v. Gross*, Case No. 03-cr-399-CEJ (E.D. Mo. 2004 (amended judgment entered 2008)). Gross contends that his prior drug convictions were inadequate to support the Section 924(e) enhancement and, consequently, he is "actually innocent" and should be able to overcome any procedural bar that otherwise would block consideration of the merits of his petition.

    This matter is now before the Court for preliminary review of the habeas petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district

judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action brought pursuant to Section 2241.

### Procedural History

Petitioner Gross pleaded guilty to three charges: (1) unlawful use of controlled substance while in possession of firearms, in violation of 18 U.S.C. § 922(g)(3); (2) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and (3) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). *United States v. Gross*, Case No. 03-cr-399-CEJ (E.D. Mo. 2004).

The sentencing court applied the enhancement under 18 U.S.C. § 924(e), which imposes a minimum 15-year sentence if a defendant violates Section 922(g) *and* has three previous (separate) convictions for a "serious drug offense." Accordingly, Gross was sentenced to 188 months on the gun and drug counts, plus 60 months consecutive on the Section 924(c) count, for a total of 248 months. Without the enhancement, it appears that the sentencing range would have been 57-71 months (s*ee* Case No. 03-cr-399-CEJ Doc. 70, p. 2 fn.1).

The enhancement was premised upon Gross's convictions on four separate charges of possession with intent to distribute narcotics in violation of 21 U.S.C. §

841(a)(1). *See United States v. Gross*, Case No. 91-cr-85-WLH (E.D. Mo.) (*see also* Doc. 1-2, pp. 2-4; and Case No. 03-cr-399-CEJ Doc. 70, p. 2). Those convictions pertained to the following drug amounts: 1.23 grams of cocaine; .85 grams of cocaine base ("crack"); .99 grams of cocaine base ("crack"); and 1.16 grams of cocaine base ("crack").

Gross did not file a direct appeal from his conviction. However, in 2005, Gross moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (*see Gross v. United States*, Case No. 05-cv-488-CEJ (E.D. Mo. 2005)). He generally asserted that his counsel was ineffective when counsel failed to adequately explain the plea agreement and challenge the sentencing enhancement, and ineffective by failing to file a notice of appeal challenging the sentencing enhancement when instructed to do so. Gross also contended that he should be resentenced in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). In 2008 the district court rejected all of Gross's arguments, with the exception of the failure to file a notice of appeal (*see Gross v. United States*, Case No. 05-cv-488-CEJ Doc. 9). As a result, Gross was re-sentenced, so as to restart the time to appeal—the amended criminal judgment was entered June 20, 2008 (*see* Case No. 03-cr-399-CEJ Doc. 73). Gross appealed from the amended judgment, challenging his sentence (*see* Case No. 03-cr-399-CEJ Doc. 75). The appeal was unsuccessful (*see* Case No. 03-cr-399-CEJ Doc. 80).

In 2008 Gross also moved to reduce his sentence pursuant to 18 U.S.C. § 3582, to reflect amendments made to the Sentencing Guidelines. The motion was denied, leaving Gross's sentence at 248 months (*see* Case No. 03-cr-399-CEJ Doc. 72). Multiple subsequent motions for relief from judgment and appeals were unsuccessful (*see* Case No. 03-cr-399-CEJ Docs. 85, 87, 90, 93, 98), and the Supreme Court denied Gross's petition for writ of certiorari on April 23, 2012 (*see* Case No. 03-cr-399-CEJ Doc. 100).

Gross's present Section 2241 petition further pursues essentially the same substantive argument regarding the sentencing enhancement being erroneous. He contends he is "actually innocent" of being an armed career criminal under 18 U.S.C. § 924(e) because he lacks the necessary three "serious drug offenses." Citing *United States v. Rodriquez*, 553 U.S. 377(2008), Gross asserts that the predicate offenses are to be assessed based on the maximum term the sentencing court was authorized to impose upon a particular defendant. Gross contends that under the Sentencing Guidelines he could only receive 33 months' imprisonment for each of his drug convictions—far less than the ten-year minimum sentence necessary to qualify as a "serious drug offense," as that term is defined in Section 924(e)(2).

## Discussion

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas Section 2241

applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to Section 2255 in the court that sentenced him. Indeed, a Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). There is a one-year limitations period applicable to Section 2255 motions, generally running from the date on which the judgment of conviction became final, the date on which the Supreme Court recognized a new right, or the date on which the facts supporting the claim(s) presented could have been discovered through due diligence. *See* 28 U.S.C. § 2255(f).

Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' ") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The fact that petitioner *may* be barred from bringing a second/successive Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609–10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

The Seventh Circuit has explained that, following *Davenport*, in order to fit within the savings clause a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion, and that case must apply retroactively. Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).
*See also Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014) (elaborating on the "could not have been invoked" aspect of the *Davenport* criteria).

Gross's arguments fail on their merits. Relying upon *United States v. Rodriquez*, 553 U.S. 377(2008), Gross argues that, because he only received a total sentence of 33 months for all four drug offenses used as the predicate offenses under Section 924(e), those offenses do not qualify as "serious drug offenses." Gross has clearly misread *Rodriguez*.

Section 924(e)(2) defines a "serious drug offense" as a federal or state drug offense "for which a maximum term of imprisonment of ten years or more is prescribed by law."  Relative to state drug convictions, Rodriguez argued that if a mandatory sentencing guideline capped the length of the actual sentence that could be imposed on a predicate offense, that cap should be used for determining whether an offense qualified as a "serious drug offense" for purposes of a Section 924(e) enhancement.  The Supreme Court rejected that argument, holding that the "maximum term" refers to "the maximum term *prescribed by the relevant criminal statute*, not the top of a sentencing guidelines range." *Rodriquez*, 553 U.S. at 391-392 (emphasis added).  Thus, *Rodriguez* actually supports applying the armed career criminal enhancement against petitioner Gross.

Under the statute enforced at the time of the offenses (and under current law), Gross faced a maximum of 20 years' imprisonment for each of his four prior drug offenses.  See 21 U.S.C. § 841(b)(1)(C).  Thus, his four federal drug convictions in *United States v. Gross*, Case No. 91-cr-85-WLH (E.D. Mo.) (*see* Doc. 1-2, pp. 2-4) qualify as the predicate "serious drug offenses" necessary to enhance his sentence pursuant to Section 924(e)—applying a 15-year mandatory minimum sentence to Gross's conviction in *United States v. Gross*, Case No. 03-cr-399-CEJ (E.D. Mo. 2004), for unlawful use of controlled substance while in possession of firearms, in violation of 18 U.S.C. § 922(g)(3).

**IT IS THEREFORE ORDERED** that, for the reasons stated, petitioner Wayne Gross's Section 2241 petition (Doc. 1) is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed as a pauper, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 30th day of December, 2014.

Digitally signed by
David R. Herndon
Date: 2014.12.30
12:54:40 -06'00'

**United States District Judge**